925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph B. ARAHA, Plaintiff-Appellant,
v.
U.S. CONGRESS, N.A.A.C.P., (LDF), N.A.A.C.P., (Civil
Rights), Defendants-Appellees.
 No. 90-3781.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph B. Araha, a pro se plaintiff, appeals the magistrate's order dismissing his civil rights complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Araha sued the United States Congress and the National Association for the Advancement of Colored People (NAACP) for alleged violations of his constitutional rights under amendments one, two, four, five, six seven, eight, nine, ten, eleven, thirteen, and fourteen. Araha alleged that his Mississippi birth certificate erroneously lists his race as "black" when he is actually a Cree Indian, and further alleges that Congress failed to correct this classification, causing him to suffer racial ostracism. Finally, he alleged that the NAACP seeks to promote racial conflict and that it engaged in acts of retaliation through various individuals between 1973 and 1988, following his refusal to take part in NAACP activities at his apartment building. Araha claims that the NAACP's alleged propaganda and harassment resulted in "economical and educational losses, social and religious dehumanizing status."
 
 
 3
 Because Araha failed to perfect service of process on Congress, that body was dismissed by order of the district court filed April 17, 1989, and the action continued against the NAACP alone. Both parties consented to entry of final judgment by a United States Magistrate, pursuant to 28 U.S.C. Sec. 636(c). On May 5, 1989, the magistrate issued a recommendation that Araha's complaint be dismissed for failure to state a civil rights claim under 42 U.S.C. Sec. 1983, and finding his complaint to be frivolous within the meaning of 28 U.S.C. Sec. 1915(d). The magistrate subsequently modified his order to dismiss the action for failure to state a claim. Several further motions by Araha, including what was construed as a motion for reconsideration, were denied.
 
 
 4
 On appeal, Araha abandons his claims against Congress and the NAACP and presents as his sole issue alleged violations by the deputy clerk and both magistrates of local court rules, Ohio civil rules, Federal Rules of Civil Procedure, and 28 U.S.C. Sec. 636(c), relating to the issuance of summons/complaint and consent forms to Araha.
 
 
 5
 Upon review, we shall affirm the magistrate's order. Araha's claims against Congress and the NAACP are not raised on appeal and are, therefore, considered abandoned. Abandoned issues are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Furthermore, Araha's argument challenging the administration of this case by the deputy clerk and the magistrates is meritless. Our review of the record and the applicable statutes and court rules reveals no violation by any of these court officers.
 
 
 7
 Accordingly, the magistrate's order entered May 31, 1989 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.